PER CURIAM.
Owen McNamee, an attorney, appeals an adjudication of direct criminal contempt. Although McNamee raises several issues, we reverse as to only the effect of the trial court’s ordering that McNamee be immediately taken into “custody” before he was afforded the opportunity to show cause as to why he should not be held in contempt.
McNamee represented a defendant in a criminal case. The underlying event took place during a calendar call at which the trial court concluded that McNamee’s statements, conduct, tone of voice, and attitude constituted contempt of court, at which time the following transpired:
THE COURT: If I hear that tone one more time I’m putting you in jail for the evening. Do we understand each other?
MCNAMEE: Yes, Your Honor, I understand you.
THE COURT: I’ve never — -take this man into custody. Never have I had a lawyer address me in that manner before and I want to make sure I do this by the book so we’re going to take a five minute recess so I can put everything on the record that’s required to hold you in contempt.
After the recess, the trial court opened: “Release this man, please,” and proceeded to recite the acts that had occurred and then offered McNamee the opportunity to show cause why he should not be held in contempt.
We recognize that the court did not, as such, comment on McNamee’s guilt in conclusory terms before he was afforded the opportunity to show cause. It is also obvious that in any direct contempt, the trial court will have determined, prior to offering an opportunity to show cause, that the underlying conduct in question is contemptuous. Nevertheless, a trial court should avoid comments or conduct indicating a bias or predisposition to hold the alleged contemnor in contempt. Here, the court displayed such predisposition by ordering that McNamee be taken into custody prior to offering the opportunity to show cause.
It is clear that the custody order was not a simple “misspeak” by the court, as in its final order, the court acknowledged that it “had Mr. McNamee taken into custody.” There is nothing in the record indicating why the court felt the need to issue the custody order. We conclude that taking McNamee into custody under these circumstances, ■ without apparent cause, gives a reasonable person the impression that the court has pre-determined the outcome without first listening to any mitigation or showing of cause as to why the contemnor should not be held in contempt.
As to the other issues raised, we conclude that the trial court did not err in not disqualifying itself and that the court could properly delay the written order until a transcript could be prepared. The trial court also complied with rule 3.830, Rules of Criminal Procedure. However, we explicitly do not consider, and express no *278 judgment, as to whether there is sufficient evidence of direct criminal contempt.
We, therefore, reverse and remand for a new show cause hearing before another judge, who is to be appointed by the chief judge.
GROSS and HAZOURI, JJ., concur.
STONE, J., dissents with opinion.