DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL J. ROCQUE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-354

[February 24, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Jill K. Levy, Judge; L.T. Case Nos. 19-8253CT10, 18-36511MU10A, and 19-000050AC10A.

Fred Haddad of Fred Haddad, P.A., Fort Lauderdale, for appellant.

Michael J. Satz, State Attorney, and Nicole Bloom, Assistant State Attorney, Fort Lauderdale, for appellee.

MAY, J.

A defense attorney appeals a contempt order entered against him while he was representing his client in a DUI case. He argues on appeal that the trial judge erred in: (1) denying his request for a brief recess to prepare a written motion to disqualify the trial judge; (2) taking him into custody prior to the contempt hearing; and (3) holding him in direct criminal contempt. The State agrees the court erred in taking defense counsel into custody before the contempt hearing. We agree on that issue and reverse.

The contempt issue arose during a motion to suppress hearing. The hearing began with some friendly banter. When the prosecutor asked the court to have defense counsel "frame the issue[s]" of his motion to suppress, defense counsel responded: "I - - I'm attacking everything, Judge. Basis for [my client's] stop, the detention, no reasonable articulable suspicious [*sic*], no probable cause, harassed, *Miranda* not read properly. That's it. I guess that covers everything."

The State then called its first witness. During cross-examination, defense counsel asked questions regarding the accident and the road

conditions, to which some relevance objections were sustained. After a brief argument, defense counsel was instructed to move on. Defense counsel then inquired about the vehicle his client was driving, but the trial court continued to sustain the State's relevancy objections. When defense counsel attempted to respond to the rulings, the trial judge began to admonish him and threatened contempt because she felt defense counsel was unprofessional in challenging her rulings.

The trial judge then sua sponte directed the witness to step down, during which the following exchange occurred:

> Defense counsel: Oh. Are you cancelling this witness before I'm done cross-examining?
>
> . . . .
>
> The court: Who's the State's next witness?
>
> Defense counsel: Judge, I'm filing a motion--
>
> . . . .
>
> Defense counsel: - - to disqualify.
>
> . . . .
>
> Defense counsel: I'm going to be ordering this transcript and ordering a - - filing a motion - -
>
> The court: Who's the State's next witness?
>
> Defense counsel: - - to disqualify.
>
> . . . .
>
> Defense counsel: I'm asking to adjourn this - - I'm asking to adjourn the - -
>
> The court: Your request is - -
>
> Defense counsel: - - motion right now - -
>
> The court: - - denied.

Defense counsel: - - so I can file my motion.

The court: Your request is denied.

Defense counsel: I'm requesting time to file my motion.

The trial judge did not respond and instructed the State to call its next witness.

Defense counsel indicated that the driver's identity was at issue and that is why his questions regarding the victim's window position and description of the driver's vehicle was important. The trial judge told defense counsel: "you need to be quiet now. Sir, stand up please." Defense counsel responded: "Judge, when you say I need to be quiet, what does that mean?" The trial court then directed the bailiff to take defense counsel into custody.

The court: I'm going to hold a contempt hearing. Have a seat.

Defense counsel: And you're handcuffing me now?

The court: I am taking you into custody. We're going to have a contempt hearing.

The bailiff handcuffed defense counsel and took him into custody. The trial judge asked defense counsel why he shouldn't be held in contempt given his disruptive behavior. Defense counsel invoked his Fifth Amendment right to counsel and a short recess was held.

Following the recess, an attorney appeared to represent defense counsel. The judge explained her position and the two discussed what was to occur. Defense counsel's attorney then requested the trial court set the issue for a formal hearing at a later date, which the trial court denied. The attorney then argued:

Attorney: Your Honor, if we're forced to proceed today, [] we're not going to have a transcript of [sic] occurred which would be obviously a record that couldn't be really contested, we would ask that - - we would have to call Your Honor as a witness and for that reason we'd ask . . . Your Honor recuse so that it can be before another Judge.

The court: The [c]ourt is not going to do that at this point. We're in the middle of a criminal contempt hearing in which

3

> this has been committed in front of this [c]ourt. . . . This [c]ourt is not [disqualifying itself] and I'm going to rule at this point in time if there's nothing more to be said.

Further discussion ensued.

The defense counsel's attorney objected to the court placing him in handcuffs before there was any contempt finding. The attorney noted that defense counsel was handcuffed and in custody for 45 minutes. The attorney denied the court's allegations and again requested a formal hearing and transcript. The court denied the request, found the attorney's argument regarding defense counsel's behavior unsatisfactory, and found defense counsel in direct criminal contempt.

Prior to imposing sentence, the court asked if defense counsel had anything to say in mitigation. Defense counsel declined to address the court, but his attorney noted for the record that defense counsel had not received a full and thorough hearing and that there was no evidence to support the trial court's finding of contempt. The court then imposed sentence and removed the handcuffs. The trial judge eventually disqualified herself.

In his second issue on appeal, defense counsel argues the trial court erred in taking him into custody before entering a judgment on direct criminal contempt. The State acknowledges the trial court took defense counsel into custody prior to beginning the contempt proceeding and that this constituted error. We agree.

> [A] trial court should avoid comments or conduct indicating a bias or predisposition to hold the alleged contemnor in contempt. Here, the court displayed such predisposition by ordering that [defense counsel] be taken into custody prior to offering the opportunity to show cause.

> . . . .

> There is nothing in the record indicating why the court felt the need to issue the custody order. We conclude that taking [defense counsel] into custody under these circumstances, without apparent cause, gives a reasonable person the impression that the court has pre-determined the outcome without first listening to any mitigation or showing of cause as to why the contemnor should not be held in contempt.

4

*McNamee v. State*, 915 So. 2d 276, 277 (Fla. 4th DCA 2005).

Here, similar to *McNamee*, the trial judge believed defense counsel had been inappropriate and unprofessional. And like *McNamee,* the trial judge took defense counsel into custody before he had an opportunity to show cause. The State agrees that *McNamee* controls.

We therefore reverse and remand the case. Because the original trial judge has recused herself, the successor judge will have the opportunity to proceed in accordance with this opinion. We decline to reach issue one concerning the motion for disqualification, and we neither consider nor express our opinion on issue three regarding the sufficiency of the evidence.

*Reversed and remanded.*

DAMOORGIAN and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

5